**UNITED STATES of America,**
**Appellee,**

v.

**George William RINGLAND, D.O.,**
**Appellant.**

**No. 73–1924.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 17, 1974.

Decided May 30, 1974.

Rehearing and Rehearing En Banc
Denied June 25, 1974.

jury than would be the bare enunciation of the principle to which they could apply their common sense.

William S. Rader, Cape Girardeau, Mo., for appellant.

Frederick J. Dana, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

STEPHENSON, Circuit Judge.

This appeal from a jury conviction in a criminal case challenges the denial of a change of venue because of pretrial publicity and questions the giving of the "Allen Charge" as part of the jury instructions.

Appellant Ringland was convicted by a jury on Count I of distributing a non-narcotic controlled substance in violation of 21 U.S.C. § 841(a)(1) and on Counts V, VI, VII and VIII of unlawfully failing to maintain accurate records with respect to non-narcotic controlled substances in violation of 21 U.S.C. §§ 827(a)(3) and 842(a)(5). He was acquitted on Counts II, III and IV of distributing non-narcotic controlled substances in violation of 21 U.S.C. § 841(a)(1). He was sentenced to five years' imprisonment followed by a special parole term of two years on Count I. Sentences of one year each were imposed on the remaining counts to run consecutively with each other but concurrently with the sentence on Count I.

*Venue.* Appellant contends he was unduly prejudiced by pretrial publicity and that because of this publicity he could not receive a fair trial within the Southeastern Division of the Eastern District of Missouri. He charges that the trial court erred in refusing to transfer the case to some other division or district.

The pretrial publicity complained of consisted of a front-page news article, which appeared in the local newspaper, entitled "Search office of indicted osteopath," which described a search and seizure of appellant's office on October 9, 1973, of drugs having a street value of $50,000. The article appeared on Octo-

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

ber 19, 1973, approximately two weeks in advance of the instant trial which commenced November 1, 1973. The article also indicated that "It was previously reported that the osteopath was alleged to have given drugs to Richard E. Krewinghaus of Cape Girardeau," and that he had been sentenced for a firearms violation and seven drug-related charges. Krewinghaus testified on behalf of the government in appellant's trial.

Docket entries indicate that on October 25, 1973, appellant filed several pre-trial motions, including a motion for transfer or, in the alternative, to fix place of trial in St. Louis, Missouri, and that the court ruling was as follows: "Said Motion for transfer etc., denied without prejudice—after Jury Panel has been questioned, may be refiled." No further motion to transfer or objection to the jury panel was made. We are advised by the government in its brief that only 6 of the 39 veniremen stated during the voir dire that they had heard or read anything about the case, and all stated that they were capable of listening to the evidence and giving both parties a fair trial. No challenges for cause were made.

It is our view that the trial court was well within its discretion in denying the motion for a change of venue. Rule 21(a) of the Federal Rules of Criminal Procedure provides that the court upon motion of the defendant shall transfer the proceedings as to him to another district if the court is satisfied there exists in the district where the prosecution is pending so great a prejudice he cannot obtain a fair and impartial trial in the district.

◼ The mere fact that defendant received publicity by itself is not sufficient to require a change of venue. "The proper test is whether the prospective juror 'can lay aside his impression or opinion and render a verdict based on the evidence presented in court.'" United States v. Woods, 486 F.2d 172, 174 (CA8 1973); United States v. McNally, 485 F.2d 398 (CA8 1973).

◼ Here it is difficult to say that there had been widespread publicity, although it must be conceded that in a comparatively small community one news article could conceivably be sufficient to require a change of venue. The test is what effect did it have on the prospective jurors. Here the trial court in denying the motion to transfer specifically provided that its ruling was without prejudice to its renewal after the jury panel had been questioned. Only six jurors had heard or read about the case and they indicated that they could listen to the evidence and give both parties a fair trial. No further objections were made. Under the circumstances we cannot say that the trial court abused its discretion in failing to change venue.

*The Allen-Type Charge.* This case was submitted to the jury at approximately 3:00 p. m., on Friday. They were allowed to recess for the evening about 5:30 p. m. They resumed their deliberations Saturday at about 9:30 a. m. At approximately 11:30 a. m., they requested that the instructions be re-read. The trial court informed counsel that in addition to re-reading the instructions it would add an Allen-Type Charge,[1] to which appellant objected.

---

1. Now, ladies and gentlemen, this is an important case and the trial has been extensive for both sides. Your failure to agree upon a verdict will necessitate another trial equally as expensive. The Court is of the opinion that the case cannot again be tried better or more exhaustively than it has been on either side.

It is, therefore, very desirable that you should agree upon a verdict. In a large proportion of cases and perhaps strictly speaking in all cases, absolute certainty can-

not be attained or expected, and although the verdict to which a juror agrees must, of course, be his own verdict, the result of his own convictions and not a mere acquiescence to the conclusion of his fellows, yet in order to bring twelve minds to a unanimous result, you must examine the questions submitted to you with candor and with a proper regard and deference to the opinions of each other.

You should consider that the case must at some time be decided and that you are selected in the same manner and from the

The record is not clear but apparently the verdict was returned some 30 to 40 minutes later.

██ Appellant urges us to prohibit the giving of the Allen Charge. This we decline to do. United States v. Skillman, 442 F.2d 542, 558 (CA8 1971); Hodges v. United States, 408 F.2d 543, 552 (CA8 1969).

██ It is further claimed that the giving of the instruction in this case after the jury had deliberated only approximately five hours with no report of deadlock was prejudicial error. We have recognized that attacks on the Allen-Type Charge are increasingly frequent. United States v. Skillman, *supra*, 442 F.2d 542, 558 (CA 8 1971). We have also recognized that the giving of this type of charge as a part of the regular instructions before a deadlock has developed does not have the coercive impact of the Allen Charge after disagreement. *Id.* at 559–560. *See*, United States v. Wynn, 415 F.2d 135 (CA10 1969); American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury, Approved Draft 1968, at 145–57.

Here the charge was not given as a part of the original instructions but it was given as an added part of all of the original instructions, which the jury requested be re-read. There was no report of deadlock. The verdicts reflect discriminating attention by the jury to each of the eight counts of the indictment. There was a conviction on a felony count (Count I) and on four misdemeanor counts. We hold there was no error.

Affirmed.[2]

---

same source from which any future juror must be, and there is no reason to suppose that the case will ever be submitted to twelve men and women more intelligent, more impartial or more competent to decide it, or that more or clearer evidence will be produced on the one side or on the other. And with this view, it is your duty to decide this case, if you can conscientiously do so.

2. Additional errors charged do not merit discussion. They are as follows: (1) Production of wiretap and transcripts of conversations with defendant—the government informed the court that no wiretaps or electronic surveillances were used; discovery motions: (2) Bill of particulars, (3) Production of investigative reports, (4) Production of confessions and statements against interest—all were in substance complied with by the court directing the government to produce its file for appellant, which appellant's counsel concedes was done. These points were not pressed in the oral argument before us and require no further comment.