**UNITED STATES of America,
Appellee,**

v.

**Michael WIEBOLD, Appellant.**

No. 74–1542.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1974.

Decided Dec. 17, 1974.

GIBSON, Chief Judge.

Michael Wiebold appeals his jury conviction of aiding and abetting, in violation of 18 U.S.C. § 2, the knowing and intentional possession of a controlled substance (LSD) with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). Four similar counts were dismissed by the trial court at the close of the Government's case. The jury acquitted defendant on a count charging a conspiracy to possess and distribute LSD, and was unable to reach a verdict on two other counts on which a mistrial was declared. Defendant was sentenced under the Youth Corrections Act, 18 U.S.C. § 5010(b). .

Three assignments of error are made on appeal: (1) that the evidence was insufficient to support the jury's verdict, (2) use of an "Allen" charge was prejudicial, and (3) it was an abuse of discretion to allow Hugh McGuire to testify as an expert.

In determining whether there was sufficient evidence to support the conviction we view the evidence in the light most favorable to sustaining the jury's verdict, accept as established all reasonable inferences which tend to support the determination, and resolve any evidentiary conflict in favor of the verdict. United States v. Pecina, 501 F.2d 536 (8th Cir. 1974); United States v. Rauch, 491 F.2d 552 (8th Cir. 1974); United States v. Henson, 456 F.2d 1045 (8th Cir. 1972). However, before setting forth a summary of the evidence we find sufficient to sustain the conviction, we address the defendant's fundamental misconception of what the Government was required to prove.

Defendant argues that the Government had to establish a prior agreement or arrangement between Nickels (the actual distributor of the drug) and himself to distribute LSD to support a conviction. This confuses the requirements of

William J. Riedmann, Riedmann & Welsh, Omaha, Neb., for appellant.

Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before GIBSON, Chief Judge, CLARK, Associate Justice, Retired,* and WEBSTER, Circuit Judge.

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

the Government's proof on the conspiracy count (on which the jury acquitted defendant) with the proof necessary to establish "aiding and abetting" in violation of 18 U.S.C. § 2.

■ To establish aiding and abetting it is only necessary that the Government show "that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed,'" Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 770, 93 L.Ed. 919 (1949), quoting United States v. Peoni, 100 F.2d 401, 402 (2d Cir. 1938). "This means there must exist some affirmative participation which at least encourages the perpetrator." United States v. Thomas, 469 F.2d 145, 147 (8th Cir. 1972).

■ We think the evidence is sufficient to establish defendant's association and participation in the venture. The evidence showed that Wiebold acted as a supplier of LSD to Nickels. Nickels, occasionally accompanied by his companion-in-crime, Hoffarth, would travel to Denver, Colorado, where he would receive a quantity of LSD tablets from Wiebold. Nickels and Hoffarth would then sell the tablets in the Omaha, Nebraska, area, paying Wiebold for the tablets out of the proceeds of these sales. A money order received by Wiebold from Nickels as payment for one of these transactions was received into evidence, and this arrangement was further verified by the testimony of Wiebold's girl friend at the time of these transactions, who on one occasion accompanied Wiebold, Nickels, and Hoffarth from Denver to Omaha with a supply of LSD tablets. Whether the jury considered that Wiebold was associated with Nickels in a joint venture or that he merely delivered

the LSD on consignment, the evidence was sufficient to establish Wiebold's knowing association and participation in Nickels' possession of LSD with intent to distribute.

■ Defendant contends that the Allen charge given was prejudicial.[1] After deliberating approximately five hours the jury sent a note to the trial judge which read: "Through long deliberations the jury is unable to arrive at a verdict. It appears that we will not completely agree." The trial judge then called the jury back and gave them the challenged charge. After several more hours of deliberations the jury reported agreement on Counts I and IV but deadlocked on Counts II and III.

We have recognized the possibility of coercion presented by use of the "Allen" charge, but have approved its use as part of the original charge or as a supplemental charge. United States v. Skillman, 442 F.2d 542, 558–60 (8th Cir. 1971); Hodges v. United States, 408 F.2d 543, 552–54 (8th Cir. 1969). And, although frequently requested, we have declined to prohibit its use. United States v. Ringland, 497 F.2d 1250, 1253 (8th Cir. 1974); Hodges v. United States, supra 408 F.2d at 552. However, we have indicated a preference for giving the charge as a part of the regular instructions before a deadlock has occurred. United States v. Ringland, supra 497 F.2d at 1253; United States v. Skillman, supra 442 F.2d at 558–59. See also ABA Project on Standards for Criminal Justice, Standards Relating to Trial by Jury—Approved Draft § 5.4 (1968).

We find there was no prejudicial error in giving the complained of charge in this case. The verdict is indicative of a discriminating attention to the evidence rather than being a product of coercion.

1. The charge given was almost identical to that set out in United States v. Ringland, 497 F.2d 1250, 1252–53 n. 1 (8th Cir. 1974). At the end of that instruction the trial court added the following:

My instructions will be to you that I want you to go back in and continue your deliberations and do the very best job you can. If you can agree, do so, and if you cannot then let me know.

There was an acquittal on one count, the jury deadlocked on two counts even after receiving the "Allen" charge, and a verdict of guilty was reached on the other count. This does not appear to be the product of a jury rushed or coerced to a judgment of guilty.

■■ We find no error in the admission of McGuire's testimony. Ordinarily, the determination as to whether a person may be allowed to express his opinion as an expert is within the discretion of the trial court. United States v. Atkins, 473 F.2d 308, 313 (8th Cir. 1973). Defendant argues it was an abuse of discretion to allow McGuire, an admitted perjurer, to testify, relying upon Mesarosh v. United States, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956). In *Mesarosh* a key Government witness was represented to have committed various acts of perjury after trial in his testimony before various governmental investigative agencies. Realizing that this cast a question upon his veracity at trial, the Solicitor General requested the Supreme Court to remand the matter to the district court for a hearing to determine whether his trial testimony was truthful. Instead, finding that the witness had "poisoned the water in this reservoir," the Supreme Court remanded for a new trial. *Mesarosh, supra* at 14, 77 S.Ct. at 8. Here, the poison of perjury by McGuire as to his academic degrees was admitted at trial and the antidote of cross-examination was available and used by the defendant. The jury was aware of the admitted perjury and could give what credibility and weight to McGuire's testimony it thought it deserved. Further, no objection to this testimony was registered at time of trial and we do not believe admission of this testimony constituted plain error requiring reversal. Rule 52(b), Fed.R.Crim.P. _

The judgment of conviction is affirmed.