UNITED STATES of America, Appellee,

v.

**Richard James CHRYSLER,
Jr., Appellant.**

No. 75–1782.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1976.

Decided April 15, 1976.

Jack S. Nordby, Thomson, Wylde & Nordby, St. Paul, Minn., for appellant.

Thorwald H. Anderson, Jr., Asst. U. S. Atty., Minneapolis, Minn., for appellee; Robert G. Renner, U. S. Atty., and Thorwald H. Anderson, Jr., Asst. U. S. Atty., Minneapolis, Minn., on brief.

Before VOGEL and VAN OOSTERHOUT, Senior Circuit Judges, and BRIGHT, Circuit Judge.

BRIGHT, Circuit Judge.

A jury found Richard James Chrysler, Jr. and a codefendant guilty of robbery of the West St. Paul Bank in West St. Paul, Minnesota, and of assaulting bank employees and customers by using a firearm in the commission of the robbery, all in violation of 18 U.S.C. §§ 2113(a) and (d). The district court sentenced Chrysler to 15 years imprisonment with parole eligibility at the discretion of the parole board. Chrysler brings this timely appeal from his conviction. We affirm.

Two men entered the West St. Paul Bank at about 3:05 p. m. on June 10, 1975. One of the men carried a long-barreled pistol. The witnesses generally agreed that the men entered from the parking lot door, that one of them told everyone to lie down on the floor, and that the customers and bank personnel did so. The robbers then jumped over the teller cages, one of them going to the bank president's office where he took money from the safe, and the other taking money from the tellers' drawers. The robbers stuffed the money in plastic shopping bags and made their getaway in a white Chevrolet Nova automobile. J. Robert Stassen, a director of the bank, arrived at the bank during the robbery. He watched the two robbers enter the Nova and drive away. Stassen in his own automobile followed the robbers and saw them switch from the Nova (which was a stolen vehicle) to another automobile which Stassen described as a bright, shiny, metallic blue, 1968 Chevrolet Impala. Stassen was struck particularly by the unique blue color of the automobile. A prosecution witness testified that he had sold the defendant a 1968 Chevrolet Impala which had been repainted a

unique metallic blue color, the same color as had been described by Stassen.

The bandits were identified by three bank employees. A number of the bank employees had been unable to identify appellant Chrysler or his codefendant as the robbers from lineups or otherwise. The identification testimony was not entirely consistent as to whether Chrysler had taken the money from the president's safe or whether he had been the one to take the money from the teller cages. However, one of the bank employees saw Chrysler walking in the hall outside the courtroom and her spontaneous impression was "That's him (meaning one of the robbers)." Upon further inquiry, an FBI agent confirmed her impression by telling her that the person that she had seen was indeed the defendant, Chrysler. The prosecution also introduced other evidence which indicated that Chrysler and his codefendant shortly after the robbery were in possession of a walkie-talkie radio similar to the one used in the bank robbery, as well as plastic bags similar to those in which the robbers had placed their loot.

The jury in this case deliberated for about four hours on the day that the case was submitted to them, and then recessed until the next morning. After another two hours of deliberations, the jury asked for additional instructions on reasonable doubt, evaluation of witness credibility, evaluation of eyewitness testimony, and further clarification of the term "circumstantial evidence." The court gave further instructions to the jury and added the following *sua sponte*:

I suppose there is a division between you as to guilt or innocence or as to guilty or not guilty, I should say, and I suppose some of you are one way and some of you are the other. If the greater percentage of you, greater number of you are one way, certainly without sacrificing your individual judgments, you should be attentive to the arguments and the position of the greater number of you, but I emphasize to you that you should not abandon your own independent judgment

because you must reach a unanimous verdict one way or the other.

The jury then retired and returned approximately 20 minutes later with verdicts of guilty.

Chrysler on this appeal contends that the court committed plain error in the instruction quoted above and that otherwise the instructions relating to the evaluation of eyewitness testimony were inadequate under the circumstances of this case. Secondly, Chrysler asserts that the eyewitness testimony was so vague as to require reversal for insufficiency of the evidence.

 We reject these contentions. The appellant contends that the court's additional instruction to the jury which we have quoted amounts to an *Allen*-type charge which unfairly coerced the jury into returning a hasty verdict. Notwithstanding our decision to the contrary in *United States v. Ringland,* 497 F.2d 1250 (8th Cir. 1974), appellant suggests that the time has come for us to completely reject the *Allen* charge as being appropriate in any criminal case. That challenge is not well taken in this case. No objection was made to the charge that the district judge gave to the jury. Furthermore, the text of the charge shows that it was extremely benign and not calculated to coerce the jury into agreeing on a verdict. Without an objection and in light of prior affirmances in other cases in which the district courts have utilized an *Allen*-type charge, we find no plain error here.

The record also discloses that the trial court adequately instructed the jury concerning evaluation of testimony, including eyewitness testimony. Appellant suggests that in this case an instruction similar to that set forth in *United States v. Telfaire,* 152 U.S.App.D.C. 146, 469 F.2d 552, 558–59 (1972), should have been given by the court on its own volition, notwithstanding the failure of defense counsel to request such an instruction. We rejected a similar contention in *United States v. Roundtree,* 527 F.2d 16 (8th Cir. 1975), and we reject the contention here. No plain error exists.

We have reviewed the record and appellant's claim that the evidence is insufficient to sustain the verdict is clearly without merit. As we have noted, independent eyewitness testimony and other corroborating evidence plainly tied appellant to the commission of the crime.

Finding no prejudicial error in the trial of this case, we affirm the conviction.