**UNITED STATES of America, Appellee,**

v.

**Floyd Kenneth KANE, Appellant.**

**No. 75–1915.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1976.

Decided June 23, 1976.

Timothy J. McGreevy, Dana, Golden, Moore & Rasmussen, Sioux Falls, S. D., filed brief for appellant.

William F. Clayton, U. S. Atty., R. D. Hurd, First Asst. U. S. Atty., Sioux Falls, S. D., and Barry A. Short, Sp. Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

Floyd Kenneth Kane appeals from his convictions for assault and assault with a dangerous weapon under 18 U.S.C. § 1153 and SDCL §§ 22–18–11, 22–18–12. On appeal he challenges the trial court's denial of

his pretrial motions for dismissal of the indictment and transfer of the case outside South Dakota. We affirm.

*Motion to Dismiss Indictment.*

■ The motion to dismiss the indictment was based on the ground that the government had failed to comply with Article 1, Paragraph 3 of the 1868 Sioux Treaty:

> If bad men among the Indians shall commit a wrong or depredation upon the person or property of anyone, white, black, or Indian, subject to the authority of the United States, and at peace therewith, the Indians herein named solemnly agree that they will, upon proof made to their agent and notice by him, deliver up the wrongdoer to the United States, to be tried and punished according to its laws.
>
> . . .

15 Stat. 635.

Defendant argues that this provision requires the United States to request "delivery" of the suspect from the Tribe.

In *United States v. Dodge,* 538 F.2d 770 (8th Cir., filed April 26, 1976), this court examined the relationship between the Major Crimes Act, 18 U.S.C. § 1153, and the Treaty of 1868. In so doing, we approved the opinion of Judge Warren K. Urbom in *United States v. Consolidated Wounded Knee Cases,* 389 F.Supp. 235 (D.Neb.1975), which had held that the Major Crimes Act is "explicit legislation which overcomes the Treaty of 1868 regarding criminal jurisdiction and is a valid and constitutional law." 389 F.Supp. at 243.

Earlier, in *In re Long Visitor,* 523 F.2d 443 (8th Cir. 1975), this court considered the argument that the 1868 Treaty insulated tribal members from federal grand jury subpoenas. We resolved that issue adversely to the Indian litigants, holding that "the extension by Congress of federal jurisdiction to crimes committed on Indian reservations inherently includes every aspect of federal criminal procedure applicable to the prosecution of such crimes." 523 F.2d at 446.

The clear meaning of these cases is that Congress intended full implementation of federal criminal jurisdiction in those situations to which the Major Crimes Act extended. The request procedure which defendant seeks to impose would clearly be inconsistent with that congressional intent.

*Denial of Motion for Transfer.*

■ Pursuant to Fed.R.Crim.P. 21(a), defendant sought to transfer the proceedings to another judicial district. His motion was supported by affidavits and exhibits to the effect that residents of South Dakota were prejudiced against members of the American Indian Movement. The district court provisionally denied the motion, stating:

> The motion of the defendants to transfer these proceedings to another Judicial District pursuant to Rule 21, Federal Rules Criminal Procedure, is on the present state of the record denied, to be reconsidered *sua sponte,* or upon further motion during or at the conclusion of examination of the venire.

Defendant subsequently waived his right to jury trial and proceeded to a trial to the court. Thus, the motion for change of venue was never reconsidered. Defendant urges that the district court erred in denying the motion for transfer on the record then before the court.

A motion for transfer is addressed to the discretion of the trial court. *United States v. Crow Dog,* 532 F.2d 1182 (8th Cir., filed March 31, 1976); *United States v. Delay,* 500 F.2d 1360, 1365 (8th Cir. 1974). This court has previously approved the procedure by which a motion to transfer is provisionally denied pending actual examination of the venire. *See United States v. Ringland,* 497 F.2d 1250, 1252 (8th Cir. 1974). While this procedure is not mandatory, it provides the district court an opportunity to gauge community prejudice first-hand before committing itself to a transfer decision. We find no abuse of discretion.

The judgment is affirmed.