**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Doyle WILLIAMS, Defendant-Appellant.**

CA 79–1134.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 1979.

Decided July 1, 1980.

Steven M. Kipperman, Friedman, Shawn, Kipperman & Sloan, San Francisco, Cal., for defendant-appellant.

Edmund D. Lyons, Jr., Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before TRASK and SNEED, Circuit Judges, and SOLOMON,* District Judge.

TRASK, Circuit Judge:

In November, 1978, Doyle Williams, an executive of the Steamfitters Union (Local 342), was convicted by a federal trial jury of conspiring to attempt to use violence to intimidate Ernest Boyer from exercising his rights as a union member and of attempting to use violence to intimidate Boyer from exercising his rights to free speech guaranteed to him under federal labor laws. Williams was the business manager and chief executive officer of Local 342 of the Steamfitters Union, located in Concord, California, and had hired one Lew Dowdle to assault Boyer in retaliation for Boyer's outspoken opposition to certain of Williams' Union policies. Williams' defense was a denial of the conspiracy with Dowdle to assault Boyer and a claim that Dowdle had attacked Boyer on his own. Williams was indicted by a grand jury for conspiracy to violate 29 U.S.C. § 530,[1] in violation of 18

---

* Honorable Gus J. Solomon, Senior United States District Judge, for the District of Oregon, sitting by designation.

1. 29 U.S.C. § 530 states:

   It shall be unlawful for any person through the use of force or violence, or threat of the use of force or violence, to restrain, coerce, or intimidate, or attempt to restrain, coerce, or intimidate any member of a labor organization for the purpose of interfering with or preventing the exercise of any right to which he is entitled under the provisions of this chapter. Any person who willfully violates this section shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

U.S.C. § 371 (Count One) and with a substantive violation of 29 U.S.C. § 530 (Count Two). Williams' trial resulted in a jury verdict against appellant on both counts. He was thereafter sentenced to the custody of the Attorney General for one year and fined $1,000 on each count. The sentences of imprisonment were concurrent and suspended in favor of a three-year tenure of probation. The fines were cumulative. He appeals.

█ The principal error claimed by appellant is the nature of the instructions. Williams contends that they included "Allen" type instructions [2] which he insists are improper as forcing the jury to return a verdict even if they are deadlocked. In this case, the instruction was not utilized after the jury had informed the court that it was and would be unable to reach a verdict, but was included in the instructions given when the case was first submitted to the jury. A number of courts find this timing to be much less intrusive or coercive than when it is given after the jury has been in deliberation a lengthy period of time and still has been unable to agree on a verdict. *See United States v. Wiebold*, 507 F.2d 932, 934 (8th Cir. 1974); *United States v. Wynn*, 415 F.2d 135, 137 (10th Cir. 1969), *cert. denied*, 397 U.S. 994, 90 S.Ct. 1133, 25 L.Ed.2d 402 (1970). *See also* American Bar Association Standards Relating to Trial by Jury, § 5.4 (1966), *United States v. Guglielmini*, 598 F.2d 1149 (9th Cir.), *cert. denied*, 444 U.S. 943, 100 S.Ct. 300, 62 L.Ed.2d 310 (1979).

Chief Judge Gibson of the Eighth Circuit said with respect to the "Allen" charge:

We have recognized the possibility of coercion presented by use of the "Allen" charge, but have approved its use as part of the original charge or as a supplemental charge. *United States v. Skillman*, 442 F.2d 542, 558-60 (8th Cir. 1971); *Hodges v. United States*, 408 F.2d 543, 552-54 (8th Cir. 1969). And, although frequently requested, we have declined to

prohibit its use. *United States v. Ringland*, 497 F.2d 1250, 1253 (8th Cir. 1974); *Hodges v. United States*, supra 408 F.2d at 552. However, we have indicated a preference for giving the charge as a part of the regular instructions before a deadlock has occurred.

*United States v. Wiebold, supra*, 507 F.2d at 934.

Chief Judge Murrah spoke for the Tenth Circuit:

We recently reconsidered this type of supplemental charge in *United States v. Winn*, 411 F.2d 415 (10th Cir.). In that case, after reviewing the case law, we again approved the supplemental instruction as a "proper exercise of [the trial judge's] common law right and duty to guide and assist the jury toward a fair and impartial verdict", provided they are "given to understand they are not required to give up their conscientiously held convictions." See *Burrup v. United States*, 371 F.2d 556, 558 (10th Cir.), cert. denied 386 U.S. 1034, 87 S.Ct. 1485, 18 L.Ed.2d 596.

But we have repeatedly suggested that the substance of this charge should be included in the original instructions. Indeed, since our decision in *United States v. Winn*, supra, the Third Circuit has outlawed this type of charge as being subtly coercive and "an invitation for perennial appellate review." *United States v. Fioravanti*, 412 F.2d 407 (3rd Cir.). Like the Third Circuit, we refrain from reversing for failure to heed our suggestions in *Burroughs v. United States*, 365 F.2d 431, 434 (10th Cir.) and repeated in *United States v. Winn*, supra. But we again call attention to the inherent danger in this type of instruction when given to an apparently deadlocked jury and reiterate the suggestion that, if it is given at all, it be incorporated in the body of the original instructions. We make this in the form of a suggestion, confident it will be heeded in the conduct of future jury trials. (Footnotes omitted)

---

2. The term "Allen charge" is taken from the case of *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1892). The Court there approved the form of the instruction when it is given as a supplemental instruction to a deadlocked jury after the court is made aware that the jury is in fact deadlocked and unable to agree.

*United States v. Wynn, supra,* 415 F.2d at 136–37. We find the views of the Eighth Circuit and of the Tenth Circuit more persuasive than those advocating the giving of the charge after the deadlock has occurred. There is less likelihood of coercion when an "Allen" instruction is given with the original instructions.

 Appellant also claims that he was denied the effective assistance of counsel. The claim is not convincing. It appears to have been based upon a comment made at the time of sentencing by the trial court. A motion based upon those grounds must be made within seven days after verdict. Fed. R.Crim.P. 29, 33. Here no motion was made until January 19, 1979, some 60 days from the date upon which the verdict of the jury was returned. Considering all of the facts, we do not find that there has been ineffective assistance of counsel whether based on the cautious explanation of the "Allen" charge or otherwise. There was simply no showing of prejudice. *See Cooper v. Fitzharris,* 586 F.2d 1325 (9th Cir. 1978) (en banc) *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979) ("farce and mockery" test abandoned and a showing of prejudice now required). It clearly appears that ineffective assistance of counsel was not shown on this record.

We have considered the other claimed errors upon which a reversal might be based and fail to find them persuasive. Moreover, the accumulation of the several errors does not find the court any more disposed to reverse. The case was fairly tried and any error which occurred was harmless. We affirm the judgment of the trial court.

AFFIRMED.