**UNITED STATES, Appellant,**

v.

**Kenneth ARPAN, Appellee.**

**No. 87–5466.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1988.

Decided Nov. 21, 1988.

Al Arendt, Pierre, S.D., for appellant.

Robert A. Mandel, Rapid City, S.D., for appellee.

* The Honorable John R. Brown, Senior United States Circuit Judge for the Fifth Circuit, sitting

Before LAY, Chief Judge, BROWN *
Senior Circuit Judge, and BEAM,
Circuit Judge.

JOHN R. BROWN, Circuit Judge.

The real question in this case is whether a Federal Court by instructing the jury that its verdict must be unanimous can deprive a defendant of the possibility of a mistrial from a hung jury. It arises in this appeal from a jury verdict convicting Kenneth Arpan of four counts of embezzlement and theft from an Indian tribal organization in violation of 18 U.S.C. § 1163. Arpan's sole argument on appeal stems from alleged error in the trial court's responses to a series of notes from the jury. As to two of the three allegedly erroneous instructions, Arpan failed to preserve these errors in the trial court and we perceive no plain error as to these instructions. Arpan adequately preserved his objection to the other instruction so we must determine whether this constitutes reversible error. We believe it does and consequently we reverse.

Arpan was charged with nine counts of embezzlement and theft from an Indian tribal organization in violation of 18 U.S.C. § 1163 and convicted on four of those counts. The indictment charged that Arpan committed embezzlement by various acts and deeds in his role as a contractor for the Cheyenne River Sioux Tribe Telephone Authority. The embezzlement charge was that Arpan had overcharged for materials and labor or had received funds for which no work was done. Arpan does not challenge the factual determinations leading to the conviction on embezzlement. Rather, his sole ground for appeal is that the trial judge improperly responded to three notes sent by the jury during their deliberations.

At the conclusion of the evidence, jury instructions were read by the court and the jury retired to deliberate. During the next three days of deliberations, the jury submitted a number of notes to the court for

by designation.

consideration and explanation. Arpan only objects to the responses made to notes 2, 4 and 5.[1]

Note number 2 sought instruction as to what the jury was to do if they were not unanimous as to a particular count.[2] The court's response was "as to any count in the indictment, you may not return a verdict unless your verdict as to that count is unanimous." Defense counsel objected to this response, both during a discussion in chambers and at the time of the submission to the jury.

Note number 4 was received later that same afternoon. This note informed the court that the jury had only decided one count unanimously. The jury specifically requested the court to notify them of their options. The jury further wanted to know what would happen if the space for the verdict was left blank.[3] The response to this note was basically a modified *Allen*–charge,[4] encouraging the jurors to reach a decision.[5]

Note number 5 once again asked for directions relating to the jury's failure to agree on certain counts. This Note Number 5 stated that the jury could not agree on two counts. They specifically asked whether the lack of a verdict on those two counts would affect their decision on the rest of the counts.[6]

The court's response was that the jury could return a verdict as to the counts on which they were unanimous. As to the remaining counts, the court instructed that as soon as the verdicts were read on the unanimous counts, the jury would retire to continue deliberating the counts on which a unanimous verdict had not yet been reached. The response made emphatic that the jury's verdict must be unanimous.[7]

1. Note Number 1 requested clarification with respect to the dollar amount the defendant was to be found guilty of embezzling. Note Number 3 dealt generally with a problem relating to the recollection of testimony. The court's answers to these two notes were not objected to by the defense.

2. The jury's Number 2 question read:

   If we do not have a *unanimous decision* on a count—(a split decision—) how do we record this on the count(s)?
   (emphasis in original).

3. Note 4 read: "We have deliberated through each count and have only decided one unanimously. What are our next options? If we leave the 'find the defendant ...' space blank what happens?"

4. So called after *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

5. The response to Note 4 read:

   Well, as I see, you've been debating, discussing the case yesterday a total of about three hours, and today a total of about five hours. This makes a relatively short time. That's maybe about the average time for jurors to deliberate, maybe a little more.

   So, I'm going to ask you if you won't continue your deliberations and quietly discuss and visit with each other about the case. I guess it's pretty important to listen to each other, different views that others have. I think that's the advantage of the jury system—is hearing your conferees out in what they have to say and discussing it with them.

   The issues really aren't difficult, the law isn't difficult, but this business of making decisions is hard. That's the toughest part of not only serving as a juror, but serving as a judge too. You have to say Yes or you have to say No. There isn't much room for in between. I think that's true in life. It's hard to make decisions. We're all inclined to let someone else make it or put it off or contemporize about it.

   In your deliberations you should, to your best ability, consider all the evidence and the instructions of the court.

   I admonish you and urge you to be attentive to each other and to do your best to see if you can't reach a unanimous verdict as to....

   You may be as leisurely in your deliberation as the occasion may require; and you shall take all the time which you feel is necessary.

6. Note 5 read: "We are *not* in agreement on 2 counts. Will the lack of a verdict on 2 counts affect our decisions on the rest of the counts? If so, how?"

7. The response to Note 5 read:

   If you have reached a unanimous verdict as to some counts of the indictment but not as to others you may return a verdict as to each count *upon which you are unanimous.* You may do so at once if you wish. Please notify me by note as to whether you wish to *return at this time the verdicts upon which you are unanimous.*

   Upon return of the verdicts on *which you are unanimous you may then retire to the jury room* to deliberate upon the counts on which you *have not* yet *reached a unanimous verdict.*

The jury eventually came to a verdict on all eight counts that were tried and the verdict was announced.

Arpan challenges the court's response to the jury's notes on the grounds that they impermissibly coerced and forced the jury to reach a decision which did violence to their individual beliefs because, as given, the instructions essentially forbade the jury from coming back with no verdict. None of the court's responses informed the jurors of the possibility of a hung jury.

### *To Agree or Disagree?*

### *Must We?*

### *Unanimously?*

■ While each of these three responses to the jury's notes requires some analysis, we begin with the simplest. As to notes 4 and 5, (*see* footnotes 3 and 6) Arpan failed to preserve the error by his failure to make timely objection during trial. With respect to the court's responses to notes 4 and 5, the standard of review for this court is whether the trial court committed plain error.[8] We see no plain error in either response to these two notes.

The court's response to Note 4 (*see* footnote 5) repeats almost verbatim a jury instruction previously approved by this court in *United States v. Cook.*[9] The charge approved in *Cook* read as follows:

Well, as I see, you've been debating, discussing the case today about an hour and a half, and yesterday you maybe spent four hours at it, which is about five and a half hours, which is a relatively short time. That's maybe about the average time for jurors to deliberate, maybe a little less. So, I'm going to ask you if you won't go back in and quietly?

\*    \*    \*    \*    \*    \*

(emphasis added).

**8.**  *United States v. Roenigk,* 810 F.2d 809 (8th Cir.1987).

**9.**  663 F.2d 808 (8th Cir.1981).

**10.**  *See e.g., United States v. Dawkins,* 562 F.2d 567, 570 n. 3 (8th Cir.1977); *United States v. Wiebold,* 507 F.2d 932, 934–35 (8th Cir.1974);

Quietly discuss and visit with each other about the case. I guess it's pretty important to listen to each other, different views that others have. I think that's the advantage of the jury system—is hearing your conferees out in what they have to say and discussing it with them. The issues really aren't difficult, the law isn't difficult, but this business of making decisions is hard. That's the toughest part of not only serving as a Juror, but serving as a Judge, too. You have to say Yes or you have to say No. There isn't much room for in-between. There isn't any room for in-between. I think that's true in life. It's hard to make decisions. We're all inclined to want to let someone else make it, or put it off or contemporize about it.

So I hope after you visit awhile. . . .

I admonish you and I urge you to be attentive to each other and to do your best to see if you can't reach a unanimous verdict. . . .

While the *Cook* court indicated that an *Allen*–type instruction is better given as part of the regular jury instructions before a deadlock has occurred, the Eighth Circuit has consistently declined to forbid the use of such instructions.[10]  The challenge in *Cook,* however, was to the giving of an *Allen* charge, not on the requirement of a unanimous verdict.

Not yet overcome by the fact that this court—in opinion authored by Judge, soon to be Justice, Blackmun, in *Hodges v. United States,*[11]—rejected the proposition that the *Allen* charge is wrong and ought forever to be abolished, Arpan urges us to follow the Third Circuit's decision in *United States v. Fioravanti.*[12]  Despite the critical analysis presented by Judge Aldisert which led that court virtually to ban forever, the use of the *Allen* charge for all times and all cases in the future, this court in *United*

*United States v. Skillman,* 442 F.2d 542, 558 (8th Cir.), *cert. denied,* 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971); *Hodges v. United States,* 408 F.2d 543, 552 (8th Cir.1969).

**11.**  408 F.2d 543 (8th Cir.1969)

**12.**  412 F.2d 407, 430 (3d Cir.), *cert. denied,* 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969).

*States v. Skillman,*[13] in simple deferential terms declared "we ... decline to do so".

■ If this were a simple case of the *Allen* charge, its specific content or use, *Skillman* would be the end of the matter.

Here, however, Arpan is not challenging the trial court's adaptation of *Allen.*[14] Independent of the modified *Allen* charge[15] given later, the problem was posed by the jury's Question No. 2:

> If we do not have a *unanimous decision* on a count—(a split decision)—how do we record this on the count(s)?

To that the court's response was equally emphatic:

> As to any count in the indictment, you *may not return a verdict* unless your verdict as to that *count is unanimous.*

Conscious that he was not speaking in terms of the *Allen* charge, its content or application, the trial judge made its purpose doubly clear in its answer to Note 5.[16] The court responded:

> ... you may return a verdict as to each count *upon which you are unanimous.* ... Please notify me by note as to whether you wish to return at this time the verdicts *upon which you are unanimous.*
>
> Upon return of the verdicts on *which you are unanimous* you may then retire ... to deliberate upon the counts on *which you have not reach the unanimous verdict.*

Quite apart from the court's general admonition by *Allen* to listen carefully and consider the views of those having contrary notions, the court told this jury that its verdict of guilt or innocence had to be unanimous. On this the court was on sound ground. Obviously, a verdict of guilty has to be unanimous. Likewise does a verdict of not guilty, which carries with it the considerable constitutional baggage that assures the former accused that under the Fifth Amendment prohibition against double jeopardy he is protected against further reprosecution.

■ But in the words of the jury's inquiry, these are not the only "options". Because there is in fact—as all judges and attorneys, prosecution, defense, or both, know too well—the perfectly constitutional option of a failure of the jury to agree. The potential prospect of a hung jury is necessarily a constitutional alternative to our system of requiring proof beyond a reasonable doubt.[17]

This is a potential right which the law accords a defendant. Obviously, a trial court cannot instruct the jury that they must return a verdict, guilty or not guilty. And yet, that is the practical consequence of what the trial judge did here.[18] The instruction, as given here in response to the jury's specific question, denied this jury the option of a hung verdict. This constitutes reversible error.

### Communication—Ex–Communication from a Juror

■ Finally we come to Arpan's contention that the trial court erred in denying his

13. 442 F.2d 542, 558 (8th Cir.1973).

14. *See* n. 5.

15. *Id.*

16. *See* n. 7, *supra.*

17. Although stated in dissent, history and centuries of administration of criminal justice affirms the undeniable validity of the words:

> [T]he Judge was laboring under a basic misapprehension: that a criminal trial must end with (1) a verdict of guilty or (2) a verdict of not guilty. What he overlooked was that failure to agree at this trial is, at least momentarily, a victory for the defense and a legitimate end of the trial.... [A] mistrial from a hung jury is a safeguard to liberty. In many areas it is the sole means by which one or a few may stand out against an overwhelming contemporary public sentiment. Nothing should interfere with its exercise.

*Huffman v. United States,* 297 F.2d 754, 758–9 (5th Cir.1962) (Brown, J., dissenting).

18. A hung jury offers no constitutional protection. Unlike a unanimous verdict of not guilty, there is no protection from reprosecution. But history records innumerable cases in which for various reasons the prosecution wearies, witnesses die, or the case just fades away. This expectation—hopeful, and certainly not assured—cannot be denied to a defendant in a federal court by an instruction that all and what the jury does has to be accomplished by a unanimous verdict.

motion for a mistrial. In his motion for a mistrial, Arpan raised the same objections dealt with in this appeal. In addition, he submitted to the trial court a letter from one of the jurors which, Arpan argued, tended to support his argument of jury coercion. As Arpan concedes, Federal Rule of Evidence 606(b) specifically provides that:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

Although it is ironic that the juror came close to raising the same concern about the court's instructions as do we, the evidence contained in the juror's letter was properly disregarded by the trial judge and this court.[19]

For error in the court's instructions the conviction must be reversed.

REVERSED.

BEAM, Circuit Judge, dissenting.

I respectfully dissent. The responses to questions afforded the jury by the trial court were accurate and nonprejudicial when all the instructions and answers by the court are considered.

Instruction 20 given by the trial judge read as follows:

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

This instruction along with the submitted verdict form properly set forth the result-oriented options available to the jury. The various notes from the jury during deliberations dealt with how to use the verdict form to return a verdict with less than unanimous support for the outcome. This, of course, could not be done. The responses by the judge reiterated the need for any *verdict* to be agreeable to all jurors and urged them to continue with their deliberations, if necessary. Thus, the judge's answers were to the point, accurate and proper and the case should be affirmed.

---

**19.** *See United States v. Gambina,* 564 F.2d 22 (8th Cir.1977); *Proffitt v. Wainwright,* 685 F.2d 1227 (11th Cir.1982), *cert. denied,* 464 U.S. 1002, 104 S.Ct. 508, 78 L.Ed.2d 697 (1983).